

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[Signature: Harlin DeWayne Hale]*

**Signed October 24, 2008**                                            **United States Bankruptcy Judge**

---

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROY CARMAN | § | Case No. 07-36189-HDH-13 |
| | § | |
| Debtor | § | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW
### ON OBJECTION TO CLAIM OF ELIZABETH MELBY

Roy Carman ("Debtor") filed an objection to the claim of Elizabeth Melby ("Claimant"), which was tried on October 23, 2008.

### Some Additional Background

During the summer of 2008, this Court lifted the automatic stay to allow a state court to resolve certain then-pending issues regarding the ownership of a Corvette vehicle and related attorneys' fees.

Judge Lewis of the 330th Judicial District Court determined that Claimant owned a 100% interest in the vehicle and that her attorney was entitled to $14,197.55.

### The Claims Objection Issues

The parties argued several matters to the Court at the claims objection hearing: ownership of the vehicle; entitlement to attorneys fees; amounts owed for unpaid medical insurance; and amounts owed for a Chase credit card to be paid by the Debtor under the parties' final decree of divorce.

The testimony at the hearing was somewhat confusing. However, based on the testimony offered by Debtor and Claimant and the exhibits offered at trial, the following facts were established. Claimant owns the Corvette. Claimant was awarded attorneys fees of $14,197.55. Under her divorce decree, she is entitled to insurance for thirty-six months, not the eighteen months claimed by the Debtor. Finally, the amount owed on the Chase card at the time of the bankruptcy filing was $4,956.71.

### Ruling

Based on the above, the automatic stay will be modified to allow Claimant to transfer title of the Corvette, or, to the extent Debtor's signature is required to allow for such transfer, Debtor is ordered to do so within ten days of the entry of the order on these findings and conclusions. Counsel for Claimant shall submit an order lifting the stay and an order on the claim objection within ten days of the date of entry of this order.

###END OF FINDINGS AND CONCLUSIONS###